JULIETT A. FOWLER, ADM'X. v. S. GILMORE, ADM'R.

The 1st section of the act of the 26th January, 1839, to exempt certain property from execution, exempts, among other things, the "books belonging to the trade or profession of any citizen." (Paschal's Dig., Art. 3798, Note 885.) And the 45th section of the act about the estates of deceased persons makes it the duty of the county court to set apart, for the use and benefit of the widow and children of the deceased, all such property as may be exempted from execution or forced sale by the constitution and laws of the state, &c. (Paschal's Dig., Art. 1305, Note 481.)

The books of a professional man (lawyer) are as clearly exempted from the assets applicable to the payment of debts as if the most express language had been used to declare it.

APPEAL from Tarrant.   The case was tried before Hon. R. W. SCOTT, one of the district judges.

This was an action brought by appeal from the county court of Tarrant county, seeking to revise and reverse an order of the probate court, entered at the December term, 1862, thereof, setting apart, for the use and benefit of appellant, the widow of A. Y. Fowler, deceased, the law library of said decedent, valued at $774 85; also $30 in cash, in lieu of a horse.   No notice of appeal was given in open court. The appeal was brought by petition, filed in the county court within twenty days after date of the order, which, as a part of the transcript from the county court, was filed in the district court.

The transcript from the county court was filed in the district court on the 29th day of October, 1862, and no further proceedings had thereon until the fall term of the district court, 1865, when the case came on to be heard, and said court decreed that the law library belonging to the estate of A. Y. Fowler, deceased, be retained in the hands of the executrix, (meaning administratrix,) Juliett A. Fowler, decedent's widow and appellant herein, as assets of the estate and liable for the debts of the decedent: Which judgment was ordered to be certified to the probate court for its observance, when appellant gave notice of appeal, &c.

It was proved on the trial that decedent, A. Y. Fowler, was, at the time of his death, a practicing attorney and counsellor at law, and that he was then the owner of the law library in question, valued at $700, and that the appellant, for whose use and benefit the same was set apart, was the widow of the deceased; that appellee, Gilmore, was the administrator of the estate of J. B. York, deceased, and that, as such administrator, he controlled claims against the estate of appellant's decedent amounting to $300.

Appellant assigned for error the judgment of the district court decreeing the law library in question to be

xxx—28

assets in the hands of the administratrix, and liable for the debts of decedent.

*H. G. Hendricks*, for the appellant, cited the sections of the statute quoted in the opinion, and Wood v. Wheeler, 7 Tex., 20 and 21; Crow v. Green, 17 Tex., 180.

No brief for the appellee has been furnished to the *Reporter*.

MORRILL, C. J.—We are called upon in this case to decide whether the law library of a deceased practicing attorney at law is liable to pay the debts of the deceased.

Article 3798, Paschal's Digest, provides, that there shall be reserved to every citizen, or head of a family, free and independent of the power of a writ of *fieri facias*, &c., among other specified articles, all tools, apparatus, and books belonging to the trade or profession of any citizen, &c. This act was passed on 26th June, 1839, and is among the few acts that have not been repealed, and have met with such universal approbation that its main provisions, with some additions, have been engrafted on the organic law.

Article 1305 provides, that at the first term of the court after an inventory and list of claims have been returned, it shall be the duty of the chief justice to set apart, for the use and benefit of the widow and children, if there be any or either, of the deceased, all such property as may be exempted from forced sale by the constitution or laws of the state, &c.

Had the article 1305, last quoted, provided specifically that the chief justice should set apart for the widow and children of a deceased husband and father all the tools, apparatus and books of the estate, there would be no question as to its meaning. But the intention of the legislature is equally clear, explicit and mandatory, by stating that the books of a professional man should be exempt

from execution, and that whatever is exempt from execution shall be the property of the widow and children.

The judgment of the court below is reversed, and the cause

REMANDED.